United States District Court
Southern District of Texas
**ENTERED**
December 06, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> Plaintiff/Respondent, § <br> § <br> v. § <br> § <br> JOSEPH BRENT BENOIT, II, § <br> Defendant/Movant. § | CRIMINAL NO. 6:17-69 <br> CIVIL NO. 6:22-15 |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Joseph Brent Benoit, II, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 44. Pending before the Court is the United States of America's (the "Government") Motion to Dismiss. D.E. 53. Movant did not respond, but instead filed an amended motion under 28 U.S.C. § 2255. D.E. 54.

### I. BACKGROUND

In August of 2017, Movant discharged an assault rifle towards a Deputy United States Marshal and other law enforcement officers as they tried to arrest him. He was arrested after a multi-hour standoff and eventually pled guilty to forcibly opposing, impeding, intimidating, and interfering with an employee of the United States (Count 2); possessing and discharging a firearm during and in relation to a crime of violence (Count 3); and being a felon in possession of a firearm (Count 4). Movant's plea was pursuant to a written plea agreement in which he agreed to waive his right to appeal or to collaterally attack his conviction or sentence. He was sentenced to 60 months' imprisonment as to each of Counts 2 and 4, to be served concurrently; 120 months' imprisonment on Count 3, to be served consecutively to Counts 2 and 4; and 3 years' supervised

release as to each of Counts 2, 3, and 4, to be served concurrently. Judgment was entered May 21, 2019. Movant did not appeal. He signed his current § 2255 motion on January 13, 2022.¹

## II. MOVANT'S ALLEGATIONS AND GOVERNMENT'S RESPONSE

Movant's § 2255 motion raises two related claims under the Supreme Court's 2019 decision in *Rehaif*, which held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, — U.S. —, 139 S.Ct. 2191, 2200 (2019). Movant alleges that: (1) his conviction under Count 4 is a "non-offense that it no longer qualifying as a crime" because "the grand jury did not allege any additional facts from which the now-necessary to be proved knowledge of status element may be inferred" (D.E. 44, p. 1); and (2) trial counsel was constitutionally ineffective in allowing Movant to be placed in "involuntary servitude" after he was convicted of a "non-offense" (D.E. 54, p. 1).

The Government responds that Movant's motion is barred by the waiver provision of his plea agreement and the statute of limitations; procedurally defaulted because he failed to raise his *Rehaif* claim on direct appeal; and substantively meritless because the record conclusively shows that Movant knew he was a felon at the time he possessed the rifle in this case, as evidenced by the fact that he was sentenced to 42 months' imprisonment in 2013 for being a felon in possession of a firearm.

## III. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's

---

1. Movant's § 2255 motion is signed and dated January 13, 2022. It is postmarked April 29, 2022, and was received on May 2, 2022.

2

jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

## IV. ANALYSIS

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[2] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam). Movant's conviction became final on June 4, 2019, the last day to file a timely notice of appeal. *See* FED. R. APP. 4(b)(1)(A)(i). The last day to file a timely § 2255 motion was therefore June 4, 2020, unless

---

2. The statute provides that the limitations period shall run from the latest of:

   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant can show that the Supreme Court's *Rehaif* decision was made retroactive to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3).

The Fifth Circuit has held that *Rehaif* recognized a new right that applies retroactively to an initial § 2255 motion. *United States* v. *Kelley*, 40 F.4th 250 (5th Cir. 2022). *Rehaif* was decided on June 21, 2019; therefore the time to file a *Rehaif* claim in a § 2255 motion expired on June 21, 2020. Movant's motion, dated January 13, 2022, and postmarked April 29, 2022, is untimely.

Equitable tolling may allow for a late-filed motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Movant must show that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *See Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365. The Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 257 (2016) (emphasis in original).

Movant does not allege that he is entitled to equitable tolling, and he has presented no facts suggesting that he has diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion. The Court finds the motion is untimely.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this

4

Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A certificate of appealability (COA) "may issue... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims that the court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on this standard, the Court concludes that Movant is not entitled to a COA on any of his claims.

## VI. CONCLUSION

For the foregoing reasons, the Government's motion to dismiss (D.E. 53) is **GRANTED**; Movant's motion and amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (D.E. 44, 54) are **DENIED**; and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 5th day of December, 2022.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

5